UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.

CHETAN KAPUR AND
LILABOC, LLC, d/b/a THINKSTRATEGY
CAPITAL MANAGEMENT, LLC,

        Defendants.

11-CV- 08094 (PAE)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/3/13

**FINAL JUDGMENT AS TO DEFENDANT LILABOC, LLC**

The Securities and Exchange Commission ("Commission") having filed a Complaint; Defendant Lilaboc, LLC d/b/a ThinkStrategy Capital Management, LLC having entered a general appearance, consented to the Court's jurisdiction over Defendant and the subject matter of this action, and consented to the Judgment entered on November 16, 2011 [Docket Entry 4], the terms of which are incorporated herein; and the Plaintiff Securities and Exchange Commission, pursuant to said Judgment [Docket Entry 4] having moved for a judgment of disgorgement and civil penalty against Kapur; the Court having reviewed the Commission's Motion for Judgment Imposing Disgorgement and Penalties [Docket Entry 12], all supporting documents, and all opposition thereto, and based on the evidence and authorities presented therein and for good cause shown hereby finds and orders as follows:

**I.**

Plaintiff Securities and Exchange Commission's Motion for Judgment Imposing Disgorgement and Penalties against Defendant Lilaboc, LLC is GRANTED;

## II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant, and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 206(4) of the Investment Advisers Act of 1940 [15 U.S.C. § 80b-6(4)] (the "Advisers Act"), by, through use of the mails or any means or instrumentality of interstate commerce, as an investment adviser, directly or indirectly engaging in any act, practice, or course of business which is fraudulent, deceptive, or manipulative; or, from violating Rule 206(4)-8, thereunder [17 C.F.R. §275.206(4)-8], by, as an investment adviser to a pooled investment vehicle:

    (a)    making any untrue statement of a material fact or omitting to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investors or prospective investor in the pooled investment vehicle; or

3

(b)  otherwise engaging in any act, practice or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $3,252,271, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $735,925.59 and a civil penalty in the amount of $1,000,000 pursuant to Section 20(d) of the Securities Act of 1933 [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Securities and Exchange Act of 1934 [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Investment Advisers Act of 1940 [15 U.S.C. § 80b-9(e)]. Defendant is jointly and severally liable for this amount along with defendant Chetan Kapur. Defendant shall satisfy this obligation by paying $4,988,196.59 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Lilaboc, LLC d/b/a ThinkStrategy Capital Management, LLC as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: Jan. 3, 2013

*Paul A. Engelmayer*
UNITED STATES DISTRICT JUDGE