UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENJAMIN SCHWARZ, CHRISTINA SCHWARZ, And DANIEL SCHWARTZ, <br><br> Plaintiffs, <br> v. <br><br> THINKSTRATEGY CAPITAL MANAGEMENT LLC and CHETAN KAPUR, <br><br> Defendants. | Docket No. 09-CV-9346 (PAE) <br><br> <u>DECLARATION IN SUPPORT OF EMERGENCY MOTION FOR A TEMPORARY STAY OF ORDER OF INCARCERATION ON CRIMINAL CONTEMPT</u> |
| SECURITIES AND EXCHANGE COMMISSION <br><br> Plaintiff, <br> v. <br><br> CHETAN KAPUR and LILABOC, LLC <br><br> Defendants. | Docket No 11-CV-8094 (PAE) |

I, ERIC M. CREIZMAN, hereby declare under penalties of perjury pursuant to 28 U.S.C. § 1746:

1. I am an attorney duly admitted to practice in the courts of the State of New York and before this court. I was retained last night, July 6, 2015, to represent Defendant Chetan Kapur in the above-referenced actions. As the Court is aware, Mr. Kapur previously has represented himself *pro se*.

2. I submit this emergency motion for a temporary stay of the Court's contempt order requiring Mr. Kapur to be incarcerated pursuant to the Court's Opinion and Order granting Plaintiffs' motion for contempt, dated July 1, 2015.

3. Under the Court's Opinion and Order, Mr. Kapur must surrender himself to the United States Marshals Service today, July 7, 2015, at 3:30 p.m., and will remain incarcerated until he has purged the contempt, either by: (1) paying the $3,988,196.59 in disgorgement and prejudgment interest to the SEC; or (2) providing documentation, including records of certain Swiss bank accounts at issue, that "concretely and unambiguously establishes his inability to pay any greater amount than the portion (if any) he eventually pays." (7/1/15 Opinion and Order at 38).

4. I have read the Court's July 1, 2015 Opinion and Order carefully and have discussed its contents with Mr. Kapur. Mr. Kapur has described to me evidence in the form of documentation and potential sworn testimony that he has been diligently trying to obtain and, if obtained and substantiated, would convincingly establish his inability to pay.

5. For example, I understand that Mr. Kapur has been informed that he will be receiving in the very near future a notarized letter from the law firm acts as trustee for the Family and Children Charitable Foundation (7/1/15 Opinion and Order at 26-27), which will attest that Mr. Kapur is not and never was the beneficiary of the Foundation, and neither had nor has any financial interest in it. Furthermore, I understand that an attorney for Bank Sarasin is expected to provide within days confirmation that the CCO Limited account (7/1/15 Opinion and Order at 9) is closed, that the account never belonged to Mr. Kapur, and that Mr. Kapur was not a beneficiary of that account and, indeed, is not a beneficiary of any other accounts at Bank Sarasin.

6. I recognize that the Court has made findings that Mr. Kapur has made false representations to the Court concerning facts relevant to his ability to pay the judgments

   in the above-referenced actions, including through his own testimony, the testimony of others, and through counsel.

7. However, I am requesting that the Court grant a stay of at least 30 days so that I can perform my own investigation on behalf of Mr. Kapur, identify and present reliable evidence to the Court, and prepare the most persuasive submission possible for Mr. Kapur based on authentic, vetted, and reliable evidence that supports Mr. Kapur's claims and would therefore purge the contempt.

8. In other words, although I intend to represent Mr. Kapur zealously, as I am professionally obligated to do, I will not act as his mouthpiece. Indeed, I am mindful of the Court's findings in these actions concerning Mr. Kapur's credibility. I am therefore committed to be especially scrupulous in adhering to my professional duty of candor to the Court. *See* Rules of Professional Conduct [22 NYCRR] §§ 1200.0] Rules 3.3.

9. Granting this application would enable the Court to make a more informed decision based on reliable evidence as to Mr. Kapur's ability to pay and whether he has purged the contempt. Mr. Kapur's decision to retain a lawyer represents an effort to squarely address the Court's concerns. As this Court is aware, pleadings by *pro se* litigants are held to a less stringent standard than filings submitted by attorneys. *See, e.g., Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008).

10. In these circumstances, I respectfully submit that Mr. Kapur be given the benefit of any doubt, and that now having an attorney represent him in this matter will provide sufficient comfort to the Court that will enable it to allow Mr. Kapur to remain at liberty for at least another 30 days so that he can assist counsel in preparing the necessary submissions focused on purging the contempt. Indeed, before the Court imposes the

extreme sanction of incarceration against Mr. Kapur, we respectfully request that counsel be provided an opportunity to present his case in the most persuasive and credible manner possible.

11. A stay of the Court's order of Mr. Kapur's incarceration is necessary to allow counsel sufficient access to Mr. Kapur. This is a complex, document-intensive matter, in which I have just appeared. Mr. Kapur's incarceration would substantially impede counsel's ability to review documents with him, vet documents and witnesses, and prepare a comprehensive submission. As the Court is well aware, prisons impose significant restrictions on the dates and times attorneys are able to visit clients, the materials that attorneys may bring with them to visits, and often involve lengthy delays before the attorney is able to meet with the client.

12. A stay of at least 30 days will not prejudice the Plaintiffs in the above-referenced actions. To the contrary, those parties will benefit from a carefully prepared and vetted submission concerning Mr. Kapur's financial circumstances.

13. Accordingly, I respectfully request that the Court stay that portion of its Order of Contempt requiring Mr. Kapur to surrender to the U.S. Marshals to be incarcerated for a period of at least 30 days.

I hereby declare the foregoing is true and correct to the best of my knowledge under penalty of perjury under the laws of the United States of America.

Dated: New York, New York
July 7, 2015

By: /s/ Eric M. Creizman_____
Eric M. Creizman