UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/4/16

------------------------------------------------------------X
                              :

BENJAMIN SCHWARZ, CHRISTINA SCHWARZ,  :
and DANIEL SCHWARZ,

                    Plaintiffs,    :

               -v-               :

THINKSTRATEGY CAPITAL MANAGEMENT LLC  :
and CHETAN KAPUR,

                   Defendants.   :

                               :

09 Civ. 9346 (PAE)

------------------------------------------------------------X
                              :

SECURITIES AND EXCHANGE COMMISSION,   :

                    Plaintiff,    :

               -v-               :

CHETAN KAPUR and LILABOC, LLC,      :

                   Defendants.   :

                               :

11 Civ. 8094 (PAE)

------------------------------------------------------------X
                              :

LESLIE SCHNEIDER, LEONARD SCHNEIDER,  :
LILLIAN SCHNEIDER, SCOTT SCHNEIDER, SUSAN  :
SCHNEIDER, JAMISCOTT LLC, JAMISCOTT II LLC,  :
CLARIDGE ASSOCIATES LLC, BAYROC  :
ASSOCIATES LLC, and BAYWATER ASSOCIATES  :
LLC,

                    Plaintiffs,    :

               -v-               :

LILABOC, LLC, d/b/a/ THINKSTRATEGY CAPITAL  :
MANAGEMENT, LLC and CHETAN KAPUR,    :

                   Defendants.   :

12 Civ. 5818 (PAE)

OPINION & ORDER

------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

The following opinion and order is to be filed in each of the above-captioned cases, which are related.

In case 12 Civ. 5818,[1] by letter dated November 6, 2015, defendant Chetan Kapur, *pro se*, asks that the Court (1) vacate the default judgment entered against him, and (2) defer the court-ordered deposition of him in support of plaintiffs' efforts to collect on their default judgment until after Kapur is released from custody for contempt in the related cases.  Dkt. 40. For the reasons that follow, both requests are denied.

## I.      Request to Vacate Default Judgment

### A.      Background

On July 30, 2012, plaintiffs commenced this action, alleging violations of Section 10(b) of the Securities Exchange Act and Rule 10b-5, and of state law.  Dkt. 1; *see also* Dkt. 17 ("Default Judgment Order") at 1.  On August 22, 2012, the summons and complaint were served on defendant Lilaboc, LLC ("Lilaboc") by service on the New York Secretary of State, Dkt. 4, and on August 23, 2012, the summons and complaint were served personally on Kapur by the U.S. Marshals Service, Dkt. 5.  On September 26, 2012, the Clerk entered a Certificate of Default as to both defendants.  Dkt. 8.

On November 6, 2012, plaintiffs moved before the Honorable Kevin P. Castel, to whom this case was then assigned, for an entry of default judgment, Dkt. 13, and submitted a supporting affidavit, declaration, and exhibits, Dkts. 14–15.  Plaintiffs served the motion and supporting documents by mail that same day, serving Lilaboc at its last known business address, and Kapur at his last known residence, which was the Metropolitan Detention Center–Brooklyn

---

[1] Unless otherwise specified, references to docket entries, plaintiffs, and defendants will refer to the case pending under this case number.

("MDC"), where he was then in custody.  Dkt. 16.  On February 14, 2013, Judge Castel granted

plaintiffs' motion for default judgment because "Defendants have failed to plead or otherwise

defend in this action."  Default Judgment Order at 2.  On February 26, 2013, default judgment

was entered.  Dkt. 18.

On January 23, 2014, plaintiffs sent a letter to Judge Castel regarding post-judgment

proceedings.  Dkt. 20.  The letter indicates that on December 9, 2013, plaintiffs served Kapur

with a subpoena *duces tecum* and *ad testificandum*, calling for the production of documents and

for Kapur to be deposed on January 8, 2014.  *Id.*  The affidavits of service for the subpoena,

attached to the letter, indicate that plaintiffs attempted to serve the subpoena on Kapur at his

apartment at 85 East End Avenue, Apartment 11-E, New York, New York 10028, on multiple

days and different times, but received no answer, ultimately affixing the subpoena to the door of

the apartment.  *Id.*, Ex. B.  Kapur did not appear for the deposition.  *Id.*, Ex. C.  The case was

referred to the Magistrate Judge for further post-judgment proceedings, Dkt. 21, but it does not

appear that any further action was taken.  On August 19, 2015, this Court accepted the case as

related to the others captioned above.

In his November 6, 2015 letter, Kapur seeks to have the default judgment vacated.  Dkt.

40.  Because Kapur is acting *pro se* in this matter, the Court construes his request as a motion to

vacate the judgment.  He claims that he "never received such motion" for default judgment while

he was at the MDC and that "had [he] received such motion [he] certainly would have disputed

it," insisting that he "vigourously [sic] den[ies] all of the Schneider's egregiously false and

fictional claims."  *Id.* at 1.  He further claims that he "was informed of the Schneider judgment

by the Schwarz attorney only recently prior to [his] ordered detention on July 7, 2015."  *Id.*  On

November 20, 2015, plaintiffs responded to Kapur's letter, contesting a number of Kapur's

factual assertions and urging the Court to deny Kapur's request.  Dkt. 41.

B.      **Discussion**

The Court "may set aside a final default judgment under Rule 60(b)."  Fed. R. Civ. P.

55(c).  Rule 60(b) permits a court to set aside such a judgment for reasons including: "(1)

mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with

reasonable diligence, could not have been discovered in time to move for a new trial under Rule

59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is

void; (5) the judgment has been satisfied, released or discharged . . . ; or (6) any other reason that

justifies relief."  In addition, "[a] motion under Rule 60(b) must be made within a reasonable

time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment."  *Id.*

60(c)(1).

"The dispositions of motions for entries of defaults and default judgments and relief from

the same under Rule 55(c) are left to the sound discretion of a district court because it is in the

best position to assess the individual circumstances of a given case and to evaluate the credibility

and good faith of the parties."  *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).

However, the Second Circuit has emphasized its "preference for resolving disputes on the

merits," *id.*, and "when doubt exists as to whether default should be granted or vacated, the doubt

should be resolved in favor of the defaulting party," *id.* at 96.  *Pro se* litigants are "afforded extra

leeway," and a district court should "grant leave to set aside the entry of default freely when the

defaulting party is appearing *pro se*."  *Id.*

Kapur's letter does not specify by reference to the Federal Rules the grounds on which he

seeks to have the default judgment vacated, so the Court addresses each.  Several grounds are

immediately rejected.  First, Kapur gives no indication that the default judgment should be

vacated because he has satisfied the judgment (reason five); he has not done so in the cases

related to this one, and, indeed, plaintiffs' ongoing efforts to seek discovery in aid of collecting

4

on the judgment make clear that he has not, and that they have not released him from it.  And any request to vacate the default judgment on the basis of reasons one, two, or three fail because they are time-barred.  Kapur's request to vacate was made more than two years and eight months after the default judgment was entered on February 26, 2013.  Kapur therefore cannot base his request to vacate the default judgment for "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, or fraud.  *See, e.g.*, *Trustees of Local 531 Pension Fund v. Am. Indus. Gases, Inc.*, 708 F. Supp. 2d 272, 274 (E.D.N.Y. 2010) (motion to vacate on the basis of Rule 60(b)(1) held time-barred when brought two and a half years after entry of default judgment).

To the extent Kapur's motion is construed as seeking to vacate the default judgment as void under reason four, that argument, too, fails.  While Rule 60(c)(1) requires that a motion to vacate for reasons four through six be filed "within a reasonable time," "[c]ourts have been exceedingly lenient in defining the term 'reasonable time,' with regard to voidness challenges. In fact, it has been oft-stated that, for all intents and purposes, a motion to vacate a default judgment as void 'may be made at any time.'"  *Beller & Keller v. Tyler*, 120 F.3d 21, 24 (2d Cir. 1997) (quoting 12 *Moore's Federal Practice* § 60.44[5][c]).

The Court need not decide the timeliness of such a motion under reason four because it fails on the merits.  Kapur alleges that the default judgment was "invalid" because he was never served with or notified about the motion for entry of a default judgment prior to it being entered; he claims he only learned about the default judgment approximately two years and four months after it was entered.  In other words, although the evidence indicates that the motion and supporting documents were mailed to him at the MDC where he was in custody, and to Lilaboc at its last known business address, he claims to have never received them.

Even if Kapur's claim were credible that he did not receive notice of the motion for entry of a default judgment, that would not render the judgment void.  Under Rule 55(b), written

5

notice of a motion for default judgment must be served on a "party against whom a default judgment is sought [if that party] has appeared personally or by representative," but does not require such service for a party that has not so appeared.  And neither Kapur nor Lilaboc had appeared in the case, either formally or informally by "communicating with [plaintiffs to] express a clear intention to defend the suit."  *New York v. Green*, 420 F.3d 99, 106 (2d Cir. 2005) (internal quotation marks and citations omitted) (finding that Rule 55's notice requirement was not triggered because defendants had neither formally appeared—thus failing to meet the Rule's express condition—nor indicated a clear intention to defend the suit).

In any event, the Court does not credit Kapur's claim that he did not receive notice of the motion for default judgment.  As the Court described at length in its decision imposing contempt sanctions on Kapur in the related cases, Kapur has repeatedly lied in the related cases, including in testimony under oath, and has persistently attempted through falsehoods and manipulation to avoid adjudication on the merits of cases brought against him and the payment of judgments against him.  *See Schwartz v. ThinkStrategy Capital Mgmt. LLC*, Nos. 09 Civ. 9346, 11 Civ. 8094 (PAE), 2015 WL 4040558, at *1–9 (S.D.N.Y. July 1, 2015).  His denial of notice is, therefore, to be viewed with great suspicion.  Plaintiffs, meanwhile, have demonstrated that they served both Kapur and Lilaboc by mail with copies of the motion and supporting materials and filed a contemporaneous certificate of such service, in accordance with Local Rule 55.2(c).  Plaintiffs also made numerous attempts to serve and notify Kapur of the default judgment as they sought discovery in aid of collection on the judgment.  On the basis of this evidence, the Court finds that Kapur was in fact notified of the motion for default judgment prior to its being entered, and likely notified of the entry of default judgment much earlier than he claims.  In addition, Kapur does not contest, nor can he, that he was personally served with the summons and complaint on August 23, 2012, and that, regardless of whether he was aware of the motion for

6

default judgment, he failed to appear or defend the complaint against him before the entry of the judgment.  *See Trustees of Local 531 Pension Fund*, 708 F. Supp. 2d at 275 (collecting cases that construed motions to vacate on the basis of improper service of the summons and complaint as asserting judgment was void for want of personal jurisdiction).  The default judgment is therefore not void.

As for reason six, the Court does not find any other reason that justifies relief.  Rule 60(b)'s catchall provision "is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule."  *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986) (citations omitted).  Kapur's statement that he "vigorously [sic] den[ies] all of Scheider's egregiously false and fictional claims," Dkt. 40, while emphatically put, fails to demonstrate the presence of such extraordinary circumstances.  And Kapur's dilatory responses to this lawsuit and the default judgment undermine any such claim.  With knowledge of the complaint, Kapur long failed to appear or defend against the suit.  He brought this motion more than two and a half years after the entry of the default judgment—and only after he refused to testify at a court-ordered deposition in aid of collection, which in turn occurred some six months after he claims to have first learned (in July 2015) about the default judgment.  *See Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 190 n.8 (2d Cir. 2006) ("[A] Rule 60(b)(6) motion requires extraordinary circumstances, which typically do not usually exist where the applicant fails to move for relief promptly." (internal quotation marks and citations omitted)).

The Second Circuit has further instructed that a district court considering a motion to vacate a default judgment pursuant to Rules 55(c) and 60(b) should be "guided by three principal factors: '(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will

7

cause the nondefaulting party prejudice.'" *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166–67 (2d Cir. 2004) (quoting *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)); *see also Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 170–71 (2d Cir. 2001).

Consideration of these factors strongly supports denying Kapur's motion to vacate.  First, the Court finds that Kapur's default was willful.  "A default should not be set aside when it is found to be willful." *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 507 (2d Cir. 1991).  For the purposes of vacating default judgments, "willfulness" requires more than "carelessness or negligent errors," though default judgments should be enforced where they "arise from egregious or deliberate conduct." *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996).  As the Court chronicled in its decision finding Kapur in contempt in the related cases, Kapur has gone to great and deceitful lengths to avoid judicial proceedings brought against him.  His machinations have included lying to the Court, through a representative, about his whereabouts and state of health, and attempting to flee the country. *See Schwartz*, 2015 WL 4040558, at *2–3.  In the *Schneider* case, Kapur took no steps whatsoever to defend the action after he was served with the summons and complaint, or to otherwise communicate to the plaintiffs or the Court his intention to be heard on the matter. *Compare Action S.A.*, 951 F.2d at 507 (defendant deliberately did not appear to avoid possible indictment in forum state, supporting default judgment), *with Enron Oil*, 10 F.3d at 97–98 (*pro se* defendant's correspondence with opposing counsel and the court "evidence[d] his intent to fulfill his obligations as a litigant," justifying vacatur of default judgment).  Kapur's assertion that he would have defended the matter had he

8

known about the default judgment motion therefore rings hollow.  And again, the Court does not credit Kapur's claim not to have received or been aware of the default judgment motion.

The Court therefore finds that Kapur's failure to appear in or defend against the Schneider's lawsuit—during the six months between the date he was served with the complaint and the date default judgment was entered, and during the two years and eight months since— was a willful attempt to avoid the action.

Second, Kapur has not come close to demonstrating that he would have a meritorious defense to the action.  "In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense."  *State St. Bank & Trust Co.*, 374 F.3d at 167 (quoting *McNulty*, 137 F.3d at 740) (internal quotation marks omitted).  Kapur's bare statement that he would deny the allegations is patently insufficient.  *See Pecarsky*, 249 F.3d at 173 ("[A] defendant must present more than conclusory denials when attempting to show the existence of a meritorious defense." (citing *Enron Oil*, 10 F.3d at 98)).

Third, and finally, plaintiffs would be prejudiced by vacating the default judgment. Although the Court need not find prejudice where a meritorious defense is lacking, *see State St. Bank & Trust Co.*, 374 F.3d at 174 (citing *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 244 (2d Cir. 1994)), here, the Court finds that plaintiffs would be prejudiced in their ability to collect on their claims.  Including the present default judgment, there are currently three judgments against Kapur pending before this Court, totaling more than $30 million.  *See Schwartz*, 2015 WL 4040558, at *1 ($4.8 million amended judgment in *Schwartz*, 09 Civ. 9346; $4.9 million judgment in *SEC v. Kapur*, 11 Civ. 8094); Dkt. 35 ($21 million amended default judgment in the present matter).  And as the Court's contempt findings made clear, Kapur has

thus far frustrated the ability of the plaintiffs in all of these cases to collect on their judgments. Vacating the default judgment, entered as the result of Kapur's own delinquency, this long after the action was first brought would significantly jeopardize the ability of these plaintiffs to collect on a judgment against him.  *See, e.g.*, *77 Charters Inc. v. SYC Realty LLC*, No. 10 Civ. 1687 (SLT) (MDG), 2012 WL 1077706, at *12 (E.D.N.Y. Feb. 27, 2012) (prejudice found to plaintiff's ability to collect on a judgment due to defendant's financial problems and existence of other pending lawsuit against defendant), *report and recommendation adopted*, 2012 WL 1078466 (E.D.N.Y. Mar. 30, 2012).

Therefore, notwithstanding the general preference within this Circuit for resolving disputes on the merits and Kapur's *pro se* status in this particular matter, the Court finds that Kapur has not provided a sufficient basis for vacating the default judgment against him and denies the motion.

## II.     Request to Delay Deposition

On October 20, 2015, plaintiffs filed a letter seeking an order requiring Kapur to appear for a deposition in aid of enforcement of the judgment.  Dkt. 32.  On October 28, 2015, the Court issued an order directing the deposition of Kapur to proceed on November 12, 2015.  Dkt. 39. However, on November 12, 2015, Kapur refused to testify.  *See* Dkt. 41.

Kapur's request to be deposed only after he has been released from custody is denied. Kapur is presently in custody on account of his own contempt of court in the related cases, and he cannot use his own failures as an excuse not to participate in the discovery in aid of judgment to which the *Schneider* plaintiffs are entitled.  The Court, therefore, reaffirms its October 28, 2015 Order directing Kapur to appear for a deposition at a time soon to be set by plaintiffs and arranged with Kapur and relevant authorities.  If Kapur continues to obstruct these discovery

procedures, the Court would be receptive to a motion requesting that the Court find him in contempt in this case, as well.

## CONCLUSION

For the reasons stated above, Kapur's request to vacate the default judgment against him in 12 Civ. 5818 is denied, and his request not to be deposed by plaintiffs in aid of collection on their judgment until after he has left custody is denied. The Clerk of Court is directed to mail a copy of this Opinion and Order to Kapur.


SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge


Dated: January 4, 2016
      New York, New York